

# THE ATTORNEY GENERAL OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 28, 1948

Hon. Wallace T. Barber
County Attorney
Hays County
San Marcos, Texas

Opinion No. V-619

Re: Authority of rural high school district to secure Workmen's Compensation Insurance on workmen erecting school building.

Dear Sir:

We quote from your request for an opinion as follows:

> "A rural high school district in Hays County, Texas, voted and issued school house building bonds for the construction of new buildings and remodeling of existing buildings. Instead of letting a contract for this work, the school board has hired their own foreman and workmen. The school board now proposes to take out Workmen's Compensation and pay for the same from either the bond money or else from regular school funds. The question is whether or not it is proper for the school board to pay for the premiums to be due on the workmen's comp. from either the bond money or else from regular school funds."

Art. 2922k, V. C. S., provides:

> "All rural high schools within a rural high school district herein provided for shall be under the immediate control of the board of school trustees for such rural high schools, and such board of school trustees shall be under the control and supervision of the county superintendent and county board of school trustees, and shall be subject to the same provisions of law and restrictions that common school districts are now subject to, except where otherwise provided herein."

Article 2749, V. C. S., provides that the trustees shall have the management and control of the public schools and public school grounds, and Article 2752, V. C. S., authorizes the trustees of a school district to contract for the erection of the buildings and superintend the construction of the same.

Art. 2827, V. C. S., provides, in part, as follows:

> "The public free school funds shall not be expended except for the following purposes:
>
> . . . .
>
> "2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, . . . ." (Emphasis added.)

We believe your question is controlled by the reasoning and conclusion reached in Opinion No. O-1418 of the Attorney General of Texas, approved September 25, 1939. The question there considered was whether a school district, which is not liable for personal injury from a school bus accident, has authority to expend its public funds to purchase liability or personal injury insurance, for the benefit of pupils and third parties. That question was considered from the standpoint of whether Article 2827, V. C. S., above quoted, provided express authority for such an expenditure; and, if not, whether the authority might be implied from the express statutory authority to operate school buses. It was there held that since there could be no liability on the part of the district or its agents and employees in the performance of the governmental function of operating a school bus, such expenditure was not authorized by Art. 2827. It was held that the latter Article authorized payment of premiums only for such insurance as protected the district, itself, from pecuniary loss or liability. It was also held that there existed no implied power in that connection since there was no necessity for such expenditure so far as the school district was concerned.

The erection of school buildings by a school

district was held in an opinion of the Attorney General dated June 8, 1937, Book 376, page 733, addressed to Governor James V. Allred, to be a governmental function and the district could not be subjected to pecuniary loss or liability by reason of injuries sustained by persons in connection with the erection of such buildings. Therefore, the authority in Article 2827 to pay insurance premiums does not include authority to pay for such insurance. No other authority is found for such an expenditure.

In Opinion No. 0-5315, approved May 22, 1943, the Attorney General held that the County Commissioners' Court of a county did not have power to procure workmen's compensation insurance on operators of road maintenance equipment, following the rule stated in Texas Jurisprudence, Vol. 45, p. 455, Sec. 69, that the Texas Workmen's Compensation Law "does not apply to states, counties or cities in their performance of governmental functions." It was there noted that under Article III, Section 59, of the Texas Constitution, the Legislature was empowered to "provide workmen's compensation insurance for such state employees, as in its judgment is necessary or required"; but that such benefits had not been extended to counties. One of the reasons assigned in that opinion was the lack of express statutory authority, equally applicable to your question. The Legislature has not extended such benefits to school districts.

There are cases holding that a <u>city</u>, though not subject to the Workmen's Compensation Act, may, nevertheless, insure its employees against bodily injury. See McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S. W. (2d) 679; Great American Indemnity Co. v. Blakey, 107 S. W. (2d) 1002 (Court of Civil Appeals, San Antonio) on motion for rehearing, p. 1006; and, Southern Casualty Co. v. Morgan, 299 S. W. 476, affirmed, Commission of Appeals, 12 S. W. (2d) 200. None of these cases deal with the source of authority to the city to make the expenditure. They merely establish two collateral principles: 1st, the fact that cities are not included within the provisions of the Workmen's Compensation Law will not preclude them from entering into a contract insuring their employees on the same basis as employees are insured under the

Workmen's Compensation Law; and, 2nd, having entered into such a contract the insurer is estopped to assert the lack of authority on the part of the city to make such a contract as a defense to a suit by an employee injured thereafter. The question of the authority of the cities to effect expenditures for such insurance was left open. The authority to expend public funds for such insurance by a city depends upon the construction and application of its charter and the statutes applicable thereto, whereas the authority of school districts and strictly state agencies to make expenditures must be found in applicable general statutes governing their expenditures.

We express no opinion as to the liability of an insurance company to an employee of any school district which took out such insurance, notwithstanding its want of authority. This for the reason that the cases cited say that the insurance companies are estopped to raise the question of the power to contract. McCaleb v. Continental Casualty Co., supra.

You are respectfully advised that such expenditure is not, in our opinion, authorized.

SUMMARY

A rural high school district is not authorized to expend money in payment of premiums for workmen's compensation insurance payable to its employees for personal injuries received while engaged in the construction of a school building.

Very truly yours

ATTORNEY GENERAL OF TEXAS

Ned McDaniel
Assistant

NMc/rt

APPROVED:

James T. Bryan
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL